**SWAN VIEW COALITION and Friends of the Wild Swan, Plaintiffs,**

v.

**Cathy BARBOULETOS, et al., Defendants.**

**No. CV 06–73–M–DWM.**

United States District Court, D. Montana, Missoula Division.

July 17, 2009.

Daniel J. Rohlf, Portland, OR, Thomas J. Woodbury, Forest Defense, Missoula, MT, for Plaintiffs.

Andrew A. Smith, U.S. Department of Justice C/O U.S. Attorneys Office, Albuquerque, NM, Meredith L. Flax, U.S. Department of Justice—Wildlife & Marine Resources, Washington, DC, for Defendants.

## ORDER

## NUNC PRO TUNC [1]

DONALD W. MOLLOY, District Judge.

The Court issued a May 28, 2008 Order (amended June 13, 2008) enjoining the implementation of Amendment 24 to the forest management plan for the Flathead National Forest and allowing spring snowmobiling, because the biological opinion supporting Amendment 24 did not comply with the ESA. The Court enjoined implementation of Amendment 24 "until the Fish & Wildlife Service issues a new Biological Opinion that complies with the ESA, or the Forest Service otherwise ensures that the proposed action will not violate the ESA's jeopardy provisions." On March 10, 2009, Defendants filed a Notice of Compliance with Remand, notifying the Court the Fish and Wildlife service had completed a new biological opinion and that Defendants intended to allow spring snowmobiling in 2009. Defendants claimed the injunction automatically lifted when the new biological opinion issued.

Before the Court is Plaintiffs' Motion to Enforce Injunction or File Supplemental Pleading. Because the injunction in this matter was not automatically dissolved as Defendants contend, Plaintiffs' motion will be granted to the extent it seeks to enforce the injunction. The Court will deny the Plaintiffs' request to supplement the pleadings. The parties are familiar with the procedural history of this action so it will not be recounted here.

## I

### A.

Defendants cite two cases to prove a negative: because courts expressly retain jurisdiction over injunctions in some cases, failure to do so in others means jurisdiction is not retained. Neither case, however, discusses whether the failure to expressly retain jurisdiction would strip a district court of continued power over an injunction. The other cases Defendants cite do not apply here, as they addressed challenges to specific biological opinions replaced during the course of the original actions, rendering the actions moot. The district court decisions from which the appeals were taken did not include findings of noncompliance with the law and neither issued an injunction. *See American Rivers v. National Marine Fisheries Service,* 126 F.3d 1118, at 1124 (9th Cir.1997); *Idaho Dep't of Fish & Game,* 56 F.3d at 1075.

Defendants further argue the 2008 A24 BiOp is entitled to a presumption of regularity, citing *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). They argue this presumption of regularity means the 2008 A24 BiOp complies with ESA even though the Court has not been afforded an opportunity to decide whether it does. *Citizens to Preserve Overton Park* did not analyze whether government action to comply with an injunction enjoys a presumption of regularity without court review. It involved the presumption's effect on the burden of proof in an action already before a court. *Citizens to Preserve Overton Park,* 401 U.S. at 415, 91 S.Ct. 814. The Supreme Court, in the sentence immediately following the recital of the rule that a government official's action is entitled to a presumption of regularity, stated, "[T]hat presumption is not to shield (the government official's) action from a thorough, probing, in-depth review." *Id.* at 415, 91 S.Ct. 814. The Supreme Court

---

1. The initial order (dkt #73) mistakenly referred to Defendants collectively as "the Forest Service." This Order Nunc Pro Tunc corrects the mistake and makes no other changes.

held the Secretary of Transportation must make formal findings so the record of his decision may be reviewed. *Id.* at 420–421, 91 S.Ct. 814.

Plaintiffs argue from the principle that a district court issuing an injunction retains jurisdiction to modify or end it. Plaintiffs claim Defendants must make a Rule 60(b) motion for relief from the judgment that imposed the injunction. *See* Fed.R.Civ.P. 60(b)(5) (On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [when] ... applying it prospectively is no longer equitable). They cite *Nicacio v. United States Immigration & Naturalization Serv.*, 797 F.2d 700 (9th Cir.1985), and *Clark v. Coye*, 60 F.3d 600 (9th Cir.1995). Neither case explicitly states a district court retains jurisdiction in the absence of an express statement to that effect. However, the dissent in *Clark v. Coye* notes the retention of jurisdiction over an injunction is a "firmly established rule." *Clark v. Coye*, 60 F.3d at 606 (Pregerson, J., dissenting).

Justice Cardozo elaborated this rule in *United States v. Swift & Co.*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932). There, the Supreme Court of the District of Columbia modified a consent decree entered by meat packers under the Sherman Anti-Trust Act. On appeal, the United States Supreme Court reversed the modification, but affirmed an issuing court's power to modify an injunction. Justice Cardozo wrote:

Power to modify the [injunction] was reserved by its very terms, and so from the beginning went hand in hand with its restraints. *If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery.* ... The result is all one whether the decree has been entered after litigation or by consent. In either event, a court does not abdicate its power to revoke or modify its mandate ...

*Id.* at 114, 52 S.Ct. 460 (emphasis added).

**2.**

Assuming Defendants followed through on their representation in the Notice that they would allow spring snowmobiling in 2009, the season came and went before any judicial review of the 2008 A24 BiOp was possible.[2] In light of the principle explained in *Swift*, Defendants violated the injunction whether or not the 2008 A24 BiOp complies with the ESA.[3] It is unclear why, if Defendants believed the 2008 A24 BiOp complied with the ESA, they did not submit it to the Court in December 2008 when it was issued instead of waiting until days before the snowmobiling season started.

**II**

Plaintiffs' request to supplement the pleadings is inappropriate in light of the violation of the injunction. Plaintiffs may make their arguments in briefing on a motion to dissolve the injunction, which

---

**2.** A temporary restraining order would have been the more effective procedural mechanism to prevent imminent violation of the injunction. Fed.R.Civ.P. 65(b); Wright, Miller & Kane, *Federal Practice and Procedure* at § 2951, 366–368. Filing a motion allowed for briefing which did not finish until the spring snowmobiling season was almost over.

**3.** The remedy for violating an injunction is criminal contempt proceedings. Wright, Miller & Kane, *Federal Practice and Procedure* at § 2960, 366–368. Any response to the violation is thus a matter for the Office of the United States Attorney in the District of Montana.

should include as an exhibit the new BiOp so the Court may determine whether Defendants complied with the remand.

### III

Because the Court retains jurisdiction over an injunction, Defendants' unilateral declaration that they complied with the Court's Order and therefore the injunction was automatically dissolved has no legal force other than constituting a violation of law for which the appropriate remedy is criminal contempt proceedings.

Accordingly, and for the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Enforce Injunction or File a Supplemental Pleading (dkt # 64) is GRANTED IN PART AND DENIED IN PART; it is GRANTED to the extent it requests enforcement of the injunction, and DENIED to the extent it seeks to supplement the pleadings.

IT IS FURTHER ORDERED that the implementation of Amendment 24 is still ENJOINED "until the Fish & Wildlife Service issues a new Biological Opinion that complies with the ESA, or the Forest Service otherwise ensures that the proposed action will not violate the ESA's jeopardy provisions." *See* dkt # 47.